# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2011

No. 10-60100
Summary Calendar

Lyle W. Cayce
Clerk

LAWRENCE DOMINGO RILEY,

Plaintiff-Appellant

v.

HEALTH ASSURANCE, L.L.C.; PAT OLSEN, ADM/MED; HARRISON COUNTY, MISSISSIPPI,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CV-201

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lawrence Domingo Riley, Mississippi prisoner # 45204, filed the instant 42 U.S.C. § 1983 suit to seek redress for alleged deliberate indifference to deliberate medical needs that occurred when he was a pretrial detainee. The magistrate judge granted the defendants' motions for summary judgment and dismissed the suit. In this appeal, Riley insists that his rights were violated because more than three weeks passed between the day when he fell in the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60100

shower and hurt his back and the day when he saw a doctor. Additionally, he contends that defendant Olsen infringed his rights by denying him medication. He moves this court to supplement the record on appeal with medical records that were not presented to the magistrate judge.

We review the grant of a motion for summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). A prisoner raises a viable claim of deliberate indifference to medical needs by showing that an official "knows of and disregards an excessive risk to [his] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Our review of the record and Riley's brief shows no error in the magistrate judge's decision. Rather, this review shows only that Riley disagrees with the treatment he was given, which is insufficient to show deliberate indifference to serious medical needs. *See Gobert*, 463 F.3d at 346; *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

The judgment is AFFIRMED, and Riley's motion to supplement the record is DENIED.